UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOHN E. CROZIER,

            Plaintiff,

     -against-

JOHN DOE (WHITE PLAINS POLICE OFFICER),
JOHN DOE (WHITE PLAINS POLICE OFFICER),
P.O. EMHARDT #42/1875 and OTHER OFFICERS,

            Defendants.
------------------------------------------------------------------X

**REPORT and RECOMMENDATION**

10 Civ. 3695 (PKC)(KNF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE P. KEVIN CASTEL, UNITED STATES DISTRICT JUDGE

## INTRODUCTION

On March 5, 2010[1], the plaintiff, proceeding pro se and in forma pauperis, filed his complaint, pursuant to 42 U.S.C. § 1983, alleging police officer Emhardt ("Emhardt"), and other John Doe officers, violated his constitutional rights by using excessive force in effecting his arrest on February 26, 2010. The Court, finding good cause to do so, enlarged the plaintiff's time to effect service of process on the defendants on four occasions. The final enlargement of time allowed the plaintiff until April 29, 2011 to serve the defendants. On February 23, 2011, the United States Marshals Service served Emhardt, on the plaintiff's behalf. Emhardt failed to respond to the plaintiff's complaint within the time permitted under the Federal Rules of Civil Procedure ("FRCP").

Accordingly, in an order dated April 27, 2011, the Court directed the plaintiff to review FRCP 41(a) and 55 and, on or before May 31, 2011, to make such application to the Court as he

---

[1] Although the docket sheet reflects that the plaintiff filed his complaint on May 5, 2010, the Court follows the so-called "prisoner mailbox" rule, whereby a pro se prisoner's complaint is deemed filed at the moment of delivery to prisoner authorities for forwarding to the district court. See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993). The plaintiff filed his complaint while incarcerated. In his complaint, the plaintiff declared, under penalty of perjury, that he delivered the pleading to prison authorities on March 5, 2010.

deemed appropriate. The Court cautioned the plaintiff that failure to abide by its directive would result in the issuance of a report, to your Honor, recommending that this action be dismissed, for failure to prosecute. As of the date of this report, the plaintiff has not made any application, pursuant to either FRCP 41(a) or 55.

## DISCUSSION

FRCP 41(b) provides, in pertinent part, that "[i]f the plaintiff fails to prosecute or to comply . . . with a court order . . . a defendant may move to dismiss the action or any claim against it." "Although the text of [FRCP] 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute." LaSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389 [1962]).

The Second Circuit Court of Appeals has held that a district court contemplating dismissal of a plaintiff's case, under Rule 41(b), must consider five factors. See LaSane, 239 F.3d at 209; See also Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). The five factors are: (1) the duration of the plaintiff's failure to prosecute; (2) whether the plaintiff received notice that delay would result in dismissal; (3) whether the defendant will be prejudiced by further delay; (4) whether the district court has balanced its interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the district court has addressed the efficacy of lesser sanctions. See LaSane, 239 F.3d at 209; Lucas, 84 F.3d at 535. None of the factors is, alone, dispositive. See LaSane, 239 F.3d at 210.

In this case, the plaintiff served Emhardt on February 23, 2011. On April 27, 2011, the Court directed the plaintiff to take action with respect to Emhardt, who failed to respond to the plaintiff's complaint within the 21 days permitted under the Federal Rules of Civil Procedure. See FRCP

2

12(a)(1). As of the date of this report, the plaintiff has not taken any action, leaving this litigation at a standstill since March. Hence, the Court finds that the first factor weighs in favor of dismissal. Similarly, the second factor militates in favor of dismissal, as the Court put the plaintiff on notice, in its April 27, 2011 order, that failure to take action with respect to Emhardt would result in the issuance of a report, to your Honor, recommending that his action be dismissed for failure to prosecute.

The Court finds the third and fourth factors do not support dismissing the plaintiff's complaint. As Emhardt has failed to appear to defend against the plaintiff's allegations, allowing the plaintiff to maintain his action would not prejudice Emhardt. Moreover, although a district court has an interest in clearing its calendar of dormant cases, see Link, 370 U.S. at 630, 82 S.Ct. at 1389, the "plaintiff's failure to prosecute in this case [is] silent and unobtrusive rather than vexatious and burdensome[.]" LaSane, 239 F.3d at 210.

Nevertheless, the Court finds the fifth and final factor supports dismissing this action. No lesser sanction exists to remedy the plaintiff's inaction. Sanctioning the plaintiff monetarily would be imprudent, as the plaintiff is proceeding in forma pauperis, and other possible sanctions, such as striking the plaintiff's pleading or preventing the plaintiff from presenting certain evidence at trial, would be inappropriate, given the procedural posture of this action.

In light of the Court's findings, and bearing in mind that courts in this circuit have found that "[a] plaintiff's lack of diligence alone is enough for dismissal," West v. City of New York, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (citing Messenger v. United States, 231 F.2d 328, 331 [2d Cir. 1956]), dismissing the plaintiff's complaint is warranted, owing to his failure to prosecute.

## RECOMMENDATION

For the reasons set forth above, I recommend that your Honor dismiss the plaintiff's complaint for failure to prosecute.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the plaintiff shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable P. Kevin Castel, 500 Pearl Street, Room 2260, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Castel. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140, 145, 106 S. Ct. 466, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
August 4, 2011

Respectfully submitted,

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

John E. Crozier

4