USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-30-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOHN E. CROZIER,

                       Plaintiff,                  10 Civ. 3695 (PKC)(KNF)

      -against-                   ORDER ADOPTING REPORT
                                                      AND RECOMMENDATION

JOHN DOE (WHITE PLAINS POLICE
OFFICER), JOHN DOE (WHITE PLAINS
POLICE OFFICER), P.O. EMHARDT
#42/1875, AND OTHER OFFICERS,

                       Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        On March 5, 2010, the plaintiff, proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated when the defendants used excessive force to effectuate his arrest. Magistrate Judge Kevin Nathaniel Fox, to whom this case was referred for general pretrial supervision, enlarged plaintiff's time to serve process on the defendants on four separate occasions, with a final deadline of April 29, 2011. Each time, Magistrate Judge Fox warned plaintiff that his failure to serve defendants or explain why service had not yet been effected would result in dismissal of his Complaint for failure to prosecute. On February 23, 2011, defendant Emhardt was served with a copy of the summons and Complaint. To date, defendant Emhardt has not responded to the Complaint.

        By Order dated April 27, 2011, Magistrate Judge Fox directed plaintiff to review Rule 41(a), Fed. R. Civ. P., and Rule 55, Fed. R. Civ. P., and make such application to the Court as he deemed appropriate by May 31, 2011. The plaintiff did not make an application to the Court or take any other action. As such, Magistrate Judge Fox, in a Report and Recommendation ("R & R")

entered on the docket on August 4, 2011, recommended that this Court dismiss the action for failure to prosecute. The Magistrate Judge reviewed the factors outlined in LaSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001), and concluded, among other things, that plaintiff had taken no action in this litigation since approximately March 2011 and that no less drastic sanction would be efficacious. He reviewed the circumstances of the delay and confirmed that plaintiff had been adequately warned.

The R & R advised the plaintiff that he had fourteen days from service of the R & R to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. As of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. The R & R expressly called plaintiff's attention to Rule 72(b), Fed. R. Civ. P., and 28 U.S.C. § 636(b)(1). Plaintiff received clear notice of the consequences of the failure to object and has waived the right to object to the R & R or obtain appellate review. See Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992), *cert. denied*, 506 U.S. 1038 (1992); see also Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

The R & R is adopted and the action is DISMISSED without prejudice. The Clerk is directed to enter judgment for the defendants.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
August 30, 2011